UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RICK MONTEZ., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-1243-MA (HJB) |
| | § | |
| ORLANDO L. GARCIA, DAVID A. | § | |
| EZRA, XAVIER RODRIGUEZ, JASON | § | |
| K. PULLIAM, and FRED BIERY, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Micaela Alvarez, Senior United States District Judge:**

This Report and Recommendation concerns the status of the above case, which was automatically referred to the undersigned for disposition of Plaintiffs' motion to proceed *in forma pauperis* ("IFP") and screening under 28 U.S.C. § 1915(e)(2), pursuant to this Division's June 30, 2025, Standing Order.[1] (*See* Text Entry Dated Sep. 22, 2025.) For the reasons set out below, I recommend that Plaintiffs' IFP motion (Docket Entry 1) be **DENIED**, and this case **DISMISSED WITH PREJUDICE**.[2]

---

[1] The division-wide standing order is available on the Western District of Texas website and via the following permanent link: https://perma.cc/8ASX-URDC.

[2] The undersigned notes that, in addition to this case, Plaintiff has filed five other cases in the Western District of Texas, San Antonio Division, within the last 30 days alone. *See, e.g.*, *Montez v. Att'y Gen.'s Off., Child Support Division*, SA-25-CV-1247-FB (HJB); *Montez v. Miranda*, SA-25-CV-1246-FB (RBF); *Montez v. Montez*, SA-25-CV-1244-OLG (HJB); *Montez v. Ramos*, SA-25-CV-1242-XR (ESC); *Montez v. Hancock*, SA-25-CV-1214-OLG (RBF).Plaintiff has previously been declared a vexatious litigant, and he has been enjoined from filing any cases in the Western District of Texas "without first obtaining permission from a judge of the Western District of Texas." *Montez v. U.S. Fed. Courthouse*, No. SA-22-CV-1301-JKP, 2023 WL 2072416, at *2 (W.D. Tex. Feb. 17, 2023), *appeal dismissed*, No. 23-50278, 2023 WL 7141114 (5th Cir. Aug. 7, 2023). Plaintiff has not moved for permission to file any of the aforementioned pending cases. However, because this case is indisputably frivolous, the undersigned addresses its merits by issuing this

Section 1915(e)(2) requires the Court to scrutinize the legal and factual basis of the complaint and, if appropriate, dismiss the action if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" for purposes of § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The question of whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B)(ii) is determined by the same standard that applies under Federal Rule of Civil Procedure 12(b)(6). *Siglar*, 112 F.3d at 193.

In this case, Plaintiff names as Defendants five District Judges serving in the San Antonio Division of the Western District of Texas. (Docket Entry 1-1, at 1–2.) Plaintiff apparently complains that the Judges were "lying under oath" when, in 2023, they jointly signed an order barring Plaintiff from entering the San Antonio federal courthouse without permission and an escort, due to his previous belligerent and aggressive behavior. (*See id.* at 5–6.) Plaintiff seeks the "max" relief, which he counts in the "billions." (*Id.* at 2.)

Plaintiff's complaint is frivolous, because he suggests no basis upon which to overcome the Judges' absolute judicial immunity. Judges are immune from claims, regardless of the type of relief sought, that arise out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).

---

Report and Recommendation in lieu of addressing Plaintiff's violation of the pre-filing injunction.

A plaintiff may overcome judicial immunity only when either (1) the claims are based on actions that are not judicial in nature, or (2) the claims are based on actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12. In determining whether a judge's actions were "judicial in nature," the Court considers "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity. *Id*. In this case, the Judges issued an order regarding access to the courthouse in which they preside; such an action is clearly judicial in nature and arose directly out of their official capacities. Accordingly, they enjoy absolute immunity from Plaintiff's claims.

Generally, before dismissal of a *pro se* complaint, the plaintiff should be afforded an opportunity to amend in an attempt to cure any deficiencies. *Neitzke*, 490 U.S. at 329; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not required, however, if the *pro se* litigant has already pleaded his "best case." *Brewster*, 587 F.3d at 768. In this instance, Plaintiff cannot allege facts concerning the jointly-signed order that could overcome the immunity enjoyed by the Defendant Judges. After all, when the actions taken were judicial in nature, neither allegations of bad faith nor malice will be sufficient to overcome judicial immunity. *See Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Accordingly, the Court may deny IFP status and dismiss Plaintiff's complaint without affording Plaintiff leave to amend.

For the foregoing reasons, I recommend that Plaintiffs' motion to proceed IFP (Docket Entry 1) be **DENIED**, and his case **DISMISSED WITH PREJUDICE**.

3

**Notice of Right to Object**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

5

SIGNED on October 10, 2025.

Henry J. Bemporad
United States Magistrate Judge